*Tagged Opinion*



**ORDERED in the Southern District of Florida on September 29, 2022.**

**Laurel M. Isicoff
Chief United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

| | |
|---|---|
| In re: | Case No. 21-17607-BKC-LMI |
| VIRGINIA IGLESIAS, | Chapter 11 |
| Debtor. | |
| _____/ | |

**ORDER DENYING WITHOUT PREJUDICE MOTION OF SUTTONGATE HOLDINGS LIMITED FOR THE PRODUCTION OF DOCUMENTS REFERENCED IN THE EXAMINER'S REPORTS**

THIS CAUSE came before the Court for hearing on August 5, 2022 (the "Hearing") upon the *Motion of Suttongate Holdings Limited for the Production of Documents Referenced in the Examiner's Reports* (ECF #227) (the "Motion") filed by Suttongate Holdings Limited ("Suttongate") and *Debtor's Response in Opposition to Suttongate Holdings Limited's Motion for the Production of Documents in the Examiner's Report* (ECF #235) (the "Response") filed by the

Debtor. The Court has reviewed the supplemental briefing[1] and cases cited by the parties in support their respective positions. For the reasons set forth below, the Motion is DENIED without prejudice.

The Motion seeks an order authorizing Maria M. Yip (the "Examiner"), the Court appointed Examiner in this case, to make available all documents provided to her by the Debtor or others, in the preparation of the Examiner's reports[2]. Suttongate specifically requests the production of documents (the "PR Iglesias Documents") related to the Debtor's brother, Pedro Rene Iglesias ("PR Iglesias"), and his businesses.

The PR Iglesias Documents were provided to the Examiner through the Debtor after the Court entered its March 23, 2022 *Order Granting Debtor's Motion to (I) Enlarge Time to Complete Examiner's Investigation; (II) Extend Stay on Suttongate Discovery; and (III) Deem Documents Produced to Examiner Confidential* (ECF #176) (the "Order") which stated:

> All materials provided to the Examiner by or on behalf of Pedro Rene Iglesias, individually, and/or related to his business interests, including but not limited to Olzina N.V. (collectively, the "Third Parties"), shall be deemed CONFIDENTIAL and protected from discovery in any such requests made to the Examiner, without prejudice to the Court later addressing the discoverability of such materials.
>
> FN 1: No review of whether the confidential materials are discoverable shall take place until after the Examiner has filed her amended or supplemental report.

---

[1] *Supplemental Brief in Support of Suttongate Holdings Limited's Motion for the Production of Documents Referenced in the Examiner's Reports* (ECF #240) ("Suttongate's Brief"); *Debtor's Supplemental Brief in Opposition to Suttongate Holdings Limited's Motion for the Production of Documents in the Examiner's Report* (ECF #241) ("Debtor's Brief").
[2] *Examiner's Report* (ECF #121) and *Supplemental Examiner's Report* (ECF #195) (collectively, the "Examiner's Reports").

2

The Debtor argues that the PR Iglesias Documents were deemed confidential by the Order and therefore are not subject to production under any circumstance. However, the Order limited the confidentiality to requests made to the Examiner and specifically provides that the ruling was "without prejudice to the Court later addressing the discoverability of such materials."

To determine whether the relief that is requested in the Motion should be granted, this Court must now determine whether these materials are discoverable. Suttongate argues that 11 U.S.C. §107(a)[3] applies to the Examiner's Reports and the documents relied upon in the Examiner's Reports and therefore that the public must be granted access to such documents. However, section 107 does not apply to the underlying documents relied upon in the Examiner's Reports when those documents are not filed with the Court. *See In re Ionosphere Clubs, Inc.,* 156 B.R. 414, 433 (S.D.N.Y. 1993), *aff'd,* 17 F.3d 600 (2d Cir. 1994) (quoting *In re Apex Oil Co.,* 101 B.R. 92 (E.D. Mo. 1989)) ("[U]ntil the documents [the Examiner] compiles are filed with the court or become judicial documents in some other way, no right of public access attaches to them under Section 107(a). . . . [T]he Underlying Documents are not subject to § 107(a) because they have not been, and will not be, filed. The plain language of § 107 establishes standards only for those documents which are filed with the court. To the extent the Underlying Documents are not filed, they are not subject to the § 107(a) requirements.") (internal quotations omitted). Because the PR

---

[3] 11 U.S.C. §107(a) provides: "Except as provided in subsections (b) and (c) and subject to section 112, a paper filed in a case under this title and the dockets of a bankruptcy court are public records and open to examination by an entity at reasonable times without charge."

Iglesias Documents were not filed with the Court the documents are not subject to section 107.

The Court agrees with the Debtor that an examiner is not subject to discovery. As articulated in *Matter of Baldwin United Corp.,* 46 B.R. 314, 316 (Bankr. S.D. Ohio 1985):

> Certainly the Examiner's file drawers offer a most enticing alternative to the long and bloody battles which plaintiffs' counsel often face in the discovery phase of securities litigation. However, while we have always hoped that the Examiner's report and chronology would provide a useful tool for all parties in the many proceedings pending against the Debtors, we never contemplated, nor in our opinion does the Bankruptcy Code contemplate, that the Examiner act as a conduit of information to fuel the litigation fires of third-party litigants. The prospect of an Examiner being required to indiscriminately produce investigative materials obtained through promises of confidentiality and reliance upon this Court's orders raises grave concerns touching both the integrity of the Bankruptcy Court's processes, as well as the integrity of the statutory position of the Examiner.

However, if a third party demonstrates that it cannot obtain the documents from any other source and the documents are not otherwise privileged, an examiner may be subject to such discovery requests. *See In re New Century TRS Holdings, Inc.,* 407 B.R. 558 (Bankr. D.Del. 2009).

Suttongate has not demonstrated that it is unable to obtain the documents from any other source[4], whether that source is the Debtor[5], PR Iglesias, or any other source other than the Examiner. Once Suttongate requests the documents from the Debtor, PR Iglesias, or some other third party, the burden will be on the Debtor or PR Iglesias to assert any grounds under Fed. R. Bankr. P. 7026 to

---

[4] Suttongate argued at several hearings that it cannot get documents from St. Maarten, but Suttongate did not cite to law or other support for that assertion.

[5] Counsel for the Debtor admitted at the Hearing that the PR Iglesias Documents were in her law firm's possession, as they were provided to the Debtor by PR Iglesias.

4

resist production of the documents. But, absent such a showing by Suttongate, a request for discovery from the Examiner is not appropriate, and at this time is premature.[6]

At the Hearing, the Court stated that the Debtor may not rely on any documents at either the motion to appoint trustee trial or confirmation hearing that are not produced to Suttongate, if such documents are requested. *See* Fed. R. Bankr. P. 7037(c). Whether and to what extent any party may rely on the Examiner's Reports in support of their respective positions is dictated by the Federal Rules of Evidence.

Accordingly, for the reasons stated, it is **ORDERED** as follows:

1. The Motion is **DENIED** WITHOUT PREJUDICE.

###

Copies furnished to:
All counsel of record.

*Attorney Feldman is directed to serve a copy of this Order on interested parties who do not receive service by CM/ECF, and file a proof of such service within two (2) business days from entry of the Order.*

---

[6] The Court will revisit the issue of whether the Examiner should be directed to produce the PR Iglesias Documents, at such time as any that Suttongate demonstrates it cannot obtain the documents from any source other than the Examiner.